# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAMAIN KEREK**                                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 18-76-RLB**

**CRAWFORD ELECTRIC SUPPLY**                               **CONSENT CASE**
**COMPANY, INC.**

## ORDER

Before the Court is Defendant's Motion for Leave to File Amended Answer (R. Doc. 61) filed on June 27, 2018 ("Motion to Amend"). The motion is opposed. (R. Doc. 73). Defendant has filed a Reply. (R. Doc. 81).

Also before the Court is Non-Party Cypress Point Hunting Lodge, L.L.C.'s ("Cypress Point")[1] Motion to Quash Notice of Deposition, Subpoena, and Subpoena Duces Tecum (R. Doc. 64) filed on June 29, 2018 ("Motion to Quash"). The motion is opposed. (R. Doc. 71). Cypress Point has filed a Reply. (R. Doc. 82).

The Court considers these motions together as they both concern Crawford's proposed amendments to its Answer.

## I.      Background

On or about December 28, 2017, Damain Kerek ("Plaintiff" or "Kerek") filed a claim against Crawford Electric Supply Company, Inc. ("Defendant" or "Crawford") for wages that were allegedly owed to him under Crawford's 2016 Bonus Plan. (R. Doc. 1-1 at 3-7, "Petition"). Crawford subsequently removed the action on the basis that there is diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

---

[1] Plaintiff's counsel, Richard F. Zimmerman, Jr., is the owner of Cypress Point. (R. Doc. 64-1 at 1-2).

Kerek alleges that he was employed by Crawford as a Branch Manager from August 2013 until his unexpected termination on January 6, 2017, and that throughout his employment he participated in an annual "Bonus Plan" under which he generally received "around 30% or more of his total annual compensation." (Petition ¶¶ 3-4). Kerek further alleges that he worked the entirety of the 2016 Bonus Plan's performance year, which began on January 1, 2016 and expired on December 31, 2016, making him eligible to receive payment of his wages under the 2016 Bonus Plan. (Petition ¶ 5).

Kerek alleges that when he was terminated, Crawford presented him with a document titled "Severance Agreement and Release of Claims," which offered Kerek a severance payment in exchange of a release of all claims he may have against Crawford, including any payment under the 2016 Bonus Plan and certain restrictions on post-employment activity. (Petition ¶¶ 8-9). Kerek alleges that he rejected the offer, and, on or around February 8, 2017, made a formal demand for all wages owed to him. (Petition ¶¶ 10-11). Kerek alleges that Crawford "refused to pay the wages owed to Kerek under the 2016 Bonus Plan" based on the provision in the Bonus Plan requiring participants to be "actively employed at the time the bonuses are paid to be eligible to receive a payout." (Petition ¶ 12). Finally, Kerek alleges that Crawford later advised him that it was refusing payment under the 2016 Bonus Plan because Kerek "did not meet the sales numbers and expectations of the Plan." (Petition ¶ 14).

On or about June 25, 2018, Crawford served a Rule 45 subpoena on the non-party Cypress Point seeking Rule 30(b)(6) deposition testimony and the production of documents related to (1) payments made by Crawford to Cypress Point; (2) Cypress Point's club rules; (3) information regarding the race, ethnicity, nationality, and sex of all members of Cypress Point; (4) leases paid by Kerek during his membership at Cypress Point; (5) Cypress Point's bylaws;

(6) Kerek's use of Cypress Point; and (7) written communications regarding Cypress Point. (R. Doc. 64-6).

On June 27, 2018, Crawford filed its Motion to Amend. (R. Doc. 61). Crawford seeks leave to file an Amended Answer (1) adding a defense of "after acquired evidence" to assert two new bases for terminating Kerek's employment, namely Kerek's alleged misuse of Crawford's funds "to pay for a membership in a hunting club that discriminates" against certain individuals and Kerek's alleged violation of the parties' confidentiality agreement, and (2) adding a defense of "offset" regarding payments to the aforementioned hunting club in 2016. (R. Doc. 61-2). There is no dispute that Cypress Point is the "hunting club" referenced in the proposed Amended Answer.

On June 28, 2018, counsel for Cypress Point and Crawford held a telephone conference regarding the subpoena. (R. Doc. 64 at 4). Cypress Point and Crawford dispute what was actually discussed at the conference. (R. Doc. 64-1 at 6; R. Doc. 71 at 1-3; R. Doc. 82 at 1-2).

On June 29, 2018, Cypress Point filed its Motion to Quash. (R. Doc. 64). Cypress Point argues that the scope of the deposition topics and document requests are overly broad (as they are not limited in time to 2016) and irrelevant (as Crawford has not yet been allowed to amend its Answer to assert its "after acquired evidence" and "offset" defenses). (R. Doc. 64-1 at 4-6). Cypress Point argues that Crawford and its counsel are "simply trying to harass [Cypress Point] due to its owner being Kerek's counsel in this litigation." (R. Doc. 64-1 at 5).

## II.  Law and Analysis

### A.  Defendant's Motion for Leave to File Amended Answer (R. Doc. 61)

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which provides that "[a] schedule may be modified only for good cause and with the judge's consent."

Fed. R. Civ. P. 16(b)(4); *see S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S & W Enter.*, 315 F.3d at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enter.*, 315 F.3d at 536.

The deadline to seek amendment of the pleadings was April 12, 2018. (R. Doc. 16). Accordingly, Crawford's Motion to Amend, which was filed on June 27, 2018, is governed by Rule 16(b)(4). Crawford makes no attempt to address the untimeliness of its motion in its initial brief, but raises certain arguments regarding timing in its Reply Memorandum.

In support of a finding of good cause for its "offset" defense, Crawford provides conclusory statements regarding when it obtained information supporting the proposed amendments after the deadline to amend. Crawford argues that it "learned through discovery about a factual dispute between Plaintiff and his superior (DeLaune) regarding whether payments made by Crawford for Plaintiff's hunting activities were approved by DeLaune as required by company policy (see Rec. Doc. 71)." (R. Doc. 81 at 1-2). This statement does not identify when the underlying information was discovered, and why the information could not be obtained prior to the deadline to seek amendment, particularly from DeLaune. To the extent Crawford relies on statements in Plaintiff's May 29, 2018 deposition (*see* R. Doc. 71-1), it still does not explain why

4

Crawford waited nearly one month after obtaining this deposition testimony to seek amendment of its Answer to assert an "offset" affirmative defense. Furthermore, regardless of Plaintiff's testimony concerning the approval of certain hunting club payments, Crawford produced in discovery information in its own possession, custody, or control indicating that Kerek used Crawford's funds to pay $14,000 for a hunting camp without approval. (*See* R. Doc. 71-3). It is, therefore, unclear why Crawford had to wait for any additional testimony to assert an "offset" defense.

Given the narrow issues raised by the "offset" defense, however, the Court will allow Crawford to amend its Answer to assert this defense. The importance of the defense is clear. Little additional discovery will be required regarding this defense, which simply goes to whether certain unapproved payments were made by Kerek to Cypress Point using Crawford's funds. To minimize prejudice to Kerek, the Court will limit any additional discovery by Crawford on this issue to certain limited information sought from the non-party Cypress Point.

The Court does not, however, find good cause to allow Crawford to raise its "after acquired evidence" defense, which concerns information gathered during discovery to support the termination of Kerek for new reasons. Crawford makes no attempt to explain when it obtained information substantiating its proposed allegation that "Plaintiff caused Defendant to pay for a membership in a hunting club that discriminates against African-Americans (and perhaps discriminates against others, which will be determined through discovery)." (R. Doc. 61-2 at 1). It appears that Kerek's testimony at his deposition that Cypress Point does not have any African-American members is the sole source of this proposed allegation.[2] Crawford did not timely seek to add this allegation after Kerek's deposition. Furthermore, allowing such an

---

[2] It is unclear to what extent defense counsel obtained any additional information in support of this proposed defense as required by Rule 11 of the Federal Rules of Civil Procedure.

allegation at this point in the litigation would unduly prejudice Kerek, as addressing this allegation would likely require the Court to substantially reopen discovery.

Similarly, Crawford did not timely seek to amend its Answer to allege that Kerek breached the parties' confidentiality agreement. Crawford broadly states that it "learned through discovery produced by Plaintiff that Plaintiff violated [the parties' confidentiality] agreement when he sent confidential information to an employee of a competitor." (R. Doc. 81 at 2). The information referenced by Crawford was produced on April 17, 2018. (*See* R. Doc. 66 at 2-3; R. Doc. 66-4 at 10). That was just five days after the deadline to amend the pleadings. Crawford does not explain why it then waited over two months after obtaining these documents to seek amendment of the pleadings.

Based on the foregoing, the Court does not find good cause under Rule 16(b)(4) to allow Crawford to amend its Answer to add an after-acquired evidence affirmative defense.

### B. Cypress Point's Motion to Quash (R. Doc. 64)

On or about June 25, 2018, Crawford served a Rule 45 subpoena on Cypress Point seeking certain Rule 30(b)(6) deposition testimony and the production of certain documents. (R. Doc. 64-6). The topics for the deposition are as follows:

1. Any and all payments made by Crawford Electric Supply Company to Cypress Point Hunting Lodge, LLC.

2. Any and all club rules for the Cypress Point Hunting Lodge, LLC.

3. Any and all Cypress Point Hunting Lodge members, including but not limited to the members' race, ethnicity, nationality and sex.

4. Any "lease" and/or "hunting lease" that was paid for by Damain Kerek or by someone else on his behalf during anytime that Damain Kerek was a member of the Cypress Point Hunting Lodge, LLC.

5. Any bylaws associated with Cypress Point Hunting Lodge, LLC.

6. Damain Kerek's use of the Cypress Point Hunting Lodge, including that of his guest(s) and family member(s).

7. Any written communications between Damain Kerek and any member, lessor or lessee of Cypress Point Hunting Lodge.

(R. Doc. 64-6 at 2). Crawford also seeks a related set of documents to be produced:

1. Please produce any and all documents relating to any payments made by Crawford Electric Supply Company to Cypress Point Hunting Lodge, LLC, including, but not limited [to,] any cancelled checks, credit card statements and or direct deposits, and including, but not limited to, any payments made on behalf of Damain Kerek by any other person or entity.

2. Please produce any and all club rules for the Cypress Point Hunting Lodge, LLC.

3. Please produce any and all documents identifying Cypress Point Hunting Lodge members, including but not limited to the members' race, ethnicity, nationality and sex.

4. Please produce any and all documents relating to any " lease" and/or " hunting lease" that was paid for by Damain Kerek or by someone else on his behalf during any time that Damain Kerek was a member of the Cypress Point Hunting Lodge, LLC.

5. Please produce any and all bylaws associated with Cypress Point Hunting Lodge, LLC.

6. Please produce any and all documents showing Damain Kerek's use of the Cypress Point Hunting Lodge, including that of his guest(s) and family member(s).

7. Please produce any communications between Damain Kerek and any member, lessor or lessee of Cypress Point Hunting Lodge.

(R. Doc. 64-6 at 5-6).

At the time the instant subpoena was served, none of the foregoing topics had any relevance to the claims or defenses in this action. Furthermore, as discussed above, the Court will not allow Crawford to amend its Answer to assert an after-acquired evidence affirmative defense. Accordingly, the Court will only allow Crawford to seek and obtain discovery from Cypress Point as detailed in Topics 1 and 4 with regard to both Cypress Point's deposition and

document production. The scope of these topics shall be limited to information pertaining to January 1, 2016 (the beginning of the 2016 Bonus Plan period) through January 6, 2017 (the date on which Kerek was terminated). As limited above, the discovery sought from Cypress Point is relevant to Crawford's new "offset" affirmative defense allowed by this Order.

**III.     Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Crawford's Motion for Leave to File Amended Answer (R. Doc. 61) is **GRANTED IN PART and DENIED IN PART**. Crawford may file into the record within **5 days** of the date of this Order, without further leave of court, an Amended Answer asserting "Defense No. 8" as provided in the proposed Amended Answer (R. Doc. 61-2).

**IT IS FURTHER ORDERED** that Cypress Point's Motion to Quash Notice of Deposition, Subpoena, and Subpoena Duces Tecum (R. Doc. 64) is **GRANTED IN PART and DENIED IN PART**. Cypress Point must provide a representative to testify at a Rule 30(b)(6) deposition on Topics 1 and 4 of the deposition notice, as limited above, within **30 days** of the date of this Order, or as otherwise agreed upon by counsel. Cypress Point must also produce all documents sought pursuant to Topics 1 and 4 of the subpoena duces tecum, as limited above, within **14 days** of the date of this Order, or as otherwise agreed upon by counsel.

Signed in Baton Rouge, Louisiana, on September 14, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**