# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMAIN KEREK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-76-RLB** |
| **CRAWFORD ELECTRIC SUPPLY COMPANY, INC.** | **CONSENT CASE** |

## ORDER

Before the Court is Plaintiff's Motion to Quash the Subpoena Issued by Crawford to Ralph Stephens Along with the Accompanying Notice of Deposition (R. Doc. 103) filed on January 11, 2019. The Motion is opposed. (R. Doc. 106). Plaintiff has filed a Reply. (R. Doc. 109).

Damain Kerek ("Plaintiff" or "Kerek") seeks an order quashing a Rule 45 subpoena and deposition notice issued by Crawford Electric Supply Company, Inc. ("Crawford" or "Defendant") on January 8, 2019 that require Kerek's expert, Ralph Stephens, to produce documents and appear for a deposition on January 18, 2019, the deadline to complete expert discovery. (R. Doc. 103-12). The Court has stayed the expert discovery deadline pending resolution of the instant Motion. (R. Doc. 105).[1]

Kerek asserts that the Rule 45 subpoena should be quashed because the parties reached an agreement not to depose experts in this action, and the subpoena is otherwise unreasonable and unfair to the witness and to Plaintiff's counsel in light of the short notice. (R. Doc. 103-1). Among other things, Kerek asserts that Mr. Stephens had various appointments and deadlines that would interfere with any deposition between January 14-18, 2019. (R. Doc. 103-1 at 5-6).

---

[1] Crawford filed a Motion to Exclude Expert Testimony of Ralph Stephens (R. Doc. 111) on February 22, 2019, the deadline to file Daubert motions.

In opposition, Crawford argues that Kerek lacks standing to challenge the subpoena under Rule 45, and has not otherwise shown good cause to quash the subpoena under Rule 26. (R. Doc. 106). Among other things, Crawford argues that the parties did not stipulate that they would not depose experts pursuant to Rule 29(b), and even if such an agreement was reached, changes in circumstances merit allowing the deposition to proceed. (R. Doc. 106 at 3-6). Crawford also argues that it has offered modifying the deposition date, that it otherwise provided reasonable notice of the deposition, and that it has been Kerek's own practice to unilaterally set depositions with short notice. (R. Doc. 106 at 6-10).

In reply, Kerek argues again that the parties reached an agreement not to depose experts, that the subpoena was untimely and unreasonable, and that Crawford did not provide sufficient advance notice before serving the subpoena. (R. Doc. 109 at 1-4). Kerek also argues that there is no good cause for extending the expert deadline to allow the deposition to proceed. (R. Doc. 109 at 4). Finally, Kerek argues that he has standing under Rule 45 to challenge the subpoena served on his expert, and that he has otherwise established good cause under Rule 26(c) for the issuance of a protective order quashing the subpoena. (R. Doc. 109 at 5-6).

The Court need not delve into the contractual arguments raised by the parties regarding whether they reached a stipulation pursuant to Rule 29(b) with respect to refraining from taking any expert depositions or whether a party has standing under Rule 45 to seek an order quashing a subpoena directed at that party's expert.[2] It is also noted that the efforts to obtain the expert testimony at issue were taken before the Court's deadline to do so. Having considered the

---

[2] Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . ., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

parties' arguments, and the record as a whole, the Court finds (1) good cause under Rule 26(c) to modify the subpoena to require compliance on a date and time convenient to the parties and Mr. Stephens and (2) good cause under Rule 16(b)(4) to extend the expert deadlines in this action.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Given the record, including Kerek's understanding that the parties had stipulated not to depose experts, the Court finds good cause under Rule 26(c) to modify the subpoena to require compliance on a time and date convenient to the parties and Mr. Stephens.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Court has "broad discretion to preserve the integrity and purpose of the pretrial order." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990)). The parties have disclosed expert witnesses who have not been deposed. There is currently no trial date in this action. Modification of the deadline to conduct expert discovery will not cause undue prejudice to the parties. Accordingly, the Court finds good cause to extend the deadline to complete expert discovery for the purposes of providing the parties an opportunity to depose, and obtain documents from, the opposing parties' expert notwithstanding any agreement the parties may have reached regarding whether experts would be deposed.

3

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Quash (R. Doc. 103) is **GRANTED IN PART** and **DENIED IN PART**. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that counsel for the parties must meet-and-confer with respect to deadline on which Mr. Stephens must comply with the subpoena, which must occur on or before the expert discovery deadline set forth below. Any future Rule 37(a)(1) or Rule 26(c)(1) certificate filed with respect to the deposition of an expert in this action must specifically set forth the following: (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties. In the alternative, the Rule 37(a)(1) or Rule 26(c)(1) certificate must detail the moving counsel's good faith attempts to confer with opposing counsel and provide evidence that opposing counsel refused to confer after reasonable notice.

**IT IS FURTHER ORDERED** that the deadline to complete discovery from experts is extended to **April 12, 2019.** All other deadlines remain unchanged.[3]

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall provide a copy of this order to Mr. Ralph Stephens.

Signed in Baton Rouge, Louisiana, on February 25, 2019.

_____
  **RICHARD L. BOURGEOIS, JR.**
  **UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court will set a trial date, and other related pre-trial deadlines, in a separate order.