UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMAIN KEREK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-76-RLB** |
| **CRAWFORD ELECTRIC SUPPLY COMPANY, INC.** | **CONSENT** |

## ORDER

Before the Court is Defendant's Motions in Limine. (R. Doc. 170). Plaintiff filed an opposition. (R. Doc. 175). Defendant filed a reply. (R. Doc. 182).

**I.    Background**

On or about December 28, 2017, Damain Kerek ("Plaintiff" or "Kerek") initiated this action against Crawford Electric Supply Company, Inc. ("Defendant" or "Crawford") for wages that were allegedly owed to him under Crawford's 2016 Bonus Plan. (R. Doc. 1-1 at 3-7, "Petition"). Crawford subsequently removed the action on the basis that there is diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

Kerek alleges that throughout his employment with Crawford he participated in an annual "Bonus Plan" under which he generally received "around 30% or more of his total annual compensation." (Petition ¶¶ 3-4). Kerek further alleges that he worked the entirety of the 2016 Bonus Plan's performance year, which began on January 1, 2016 and expired on December 31, 2016, making him eligible to receive payment of his wages under the 2016 Bonus Plan. (Petition ¶ 5). Kerek further alleges that after his employment was terminated, Crawford advised him that it was refusing payment under the 2016 Bonus Plan, among other reasons, because Kerek "did not meet the sales numbers and expectations of the Plan." (Petition ¶ 14).

An unsigned copy of the 2016 Bonus Plan provides, in relevant part, that "All bonus payouts are predicated upon Branch/Crawford meeting defined financial targets. In the event that the Branch/Crawford targets are not met, all bonus payouts will be at the discretion of the Executive Management Team. ** No bonus payments will be made in any category if a minimum 3% ROS [return on sales] is not achieved.**." (R. Doc. 120-1) (under seal).

A two-day bench trial before the undersigned is set to commence on December 2, 2019. (R. Doc. 169).

Defendant's now moves the Court "(1) to prohibit the following of Plaintiff's witnesses from testifying at trial: Dudley LeBlanc, Mike Ringe, Jeremy Doucet, Jerry Summers, and Clint Arietta; (2) to exclude the Plaintiff's proposed Exhibits 46 and 47; and (3) [to] prohibit testimony by any person concerning the August 2016 flood or Kerek being affected by or displaced by the August 2016 flood." (R. Doc. 170 at 1).

**II.     Law and Analysis**

    **A.     Defendant's Motion in Limine to Prohibit Certain Witnesses from Testifying at Trial**

Defendant first seeks an order prohibiting the following witnesses identified by Plaintiff from testifying at trial: Dudley LeBlanc, Mike Ringe, Jeremy Doucet, Jerry Summers, and Clint Arietta in the pre-trial order. (R. Doc. 170-1 at 1-5). In response, Plaintiff represents that he would not identify these individuals at witnesses on his final will call witness list. (R. Doc. 175 at 3). Consistent with that representation, Plaintiff did not identify any of these individuals on his final witness list. (*See* R. Doc. 177) (sealed).

Given the foregoing, Defendant's Motion in Limine to prohibit the foregoing witnesses from testifying at trial is **DENIED as moot.**

B.  **Defendant's Motion in Limine to Exclude Expert's Report and Attachment from Evidence**

Defendant also seeks an order prohibiting Plaintiff from entering into evidence Plaintiff's proposed Exhibits 46 and 47, which respectively consist of the expert report and attached spreadsheets of Plaintiff's expert economist, Ralph Stephens. (R. Doc. 170-1 at 6-8). Plaintiff has identified these documents as Plaintiff's Exhibit 8 and Plaintiff's Exhibit 9 on his final exhibit list. (R. Doc. 180). Defendant has filed the expert report (R. Doc. 173) and attachments (R. Doc. 173-1) under seal as exhibits to the motion

In short, Mr. Stephens' expert report and attached spreadsheets assert that Kerek satisfied his 3% ROS requirement, and therefore is entitled to a bonus for 2016, when certain adjustments are made to the financial statement for his branch with respect to costs attributable to a "parallel wire program." The Court denied Defendant's motion to exclude Mr. Stephen's testimony at trial on the basis that the methodologies used in his report and calculations are unreliable, further finding that a genuine issue of material fact remains to be resolved at trial with respect to whether Kerek satisfied the 3% ROS requirement. (R. Doc. 159 at 8-9).

Defendant now argues that Mr. Stephen's expert report should not be admitted into evidence because it constitutes inadmissible hearsay, the information is cumulative because Mr. Stephens is listed on Plaintiff's final witness list, and the prejudicial nature of the number of legal conclusions provided in the report outweigh their probative value. (R. Doc. 170-1 at 6-7). Defendant similarly argues that the spreadsheets attached to the report also constitute inadmissible hearsay, and are otherwise highly prejudicial, as Mr. Stephens did not provide all documents supporting the calculations that Defendant sought by subpoena and the Court ordered produced. (R. Doc. 170-1 at 8).

In opposition, Plaintiff "acknowledges that expert reports are generally consisted hearsay and are generally inadmissible at trial" but suggests that efficiency and judicial economy support the admission of the expert report and attached spreadsheets at trial. (R. Doc. 175 at 4-5). Plaintiff further asserts that Mr. Stephens provided a flash drive containing all documents responsive to the subpoena at his deposition on March 20, 2019, and Defendant's complaint with respect to that production is untimely. (R. Doc. 175 at 5-8).

In reply, Defendant submits an email from Plaintiff's counsel offering to produce the underlying Excel files (which contain the actual values and calculations for the spreadsheets) as evidence that Mr. Stephens did not fully respond to the subpoena. (R. Doc. 182-1).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is inadmissible unless it falls into one of the established exceptions to the hearsay rule. Fed. R. Evid. 802. "[A]s a general rule, expert reports . . . are hearsay, and therefore generally not admissible as exhibits, although they may be the subject of testimony and might be used to impeach a witness or refresh a witness' recollection." *Associated Terminals of St. Bernard, LLC v. Potential Shipping HK Co.*, No. 17-5109, 2018 WL 947660, at *4 (E.D. La. Feb. 16, 2018) (quoting *Flowers v. Striplin*, No. 01-1765, 2003 WL 25683914, at *1 (E.D. La. May 22, 2003)); *see also Marquette Transp Co. v. Eagle Subaru*, No. 06-9053, 2010 WL 1558921, at *3 (E.D. La. Apr. 15, 2010) ("Expert reports are hearsay because they are out of court statements offered to prove the truth of the matter asserted.").

In the context of a bench trial, an agreement between the parties to enter expert reports into evidence may constitute "an effective way of streamlining trial and facilitating the presentation and understanding" of extensive and complex expert opinions. *See Schmucker v.*

*Johnson Controls, Inc.*, No. 14-1593, 2019 WL 5579470, at *6 (N.D. Ind. Oct. 28, 2019). No such agreement has been entered into between the parties in this action. While Plaintiff acknowledges that expert reports are generally considered hearsay and inadmissible at trial, he offers no argument in support of a finding that a hearsay exception applies. Furthermore, Plaintiff does not argue that Mr. Stephens is unavailable to appear at trial and, in fact, has identified him as a witness to be called at trial. (*See* R. Doc. 177) (sealed). Given the record, the Court finds no basis to allow the expert report into evidence under an exception to the hearsay rule. The report will not be admitted as evidence.

The Court will defer until trial, however, whether the attached spreadsheets can be offered as evidence, perhaps under Rule 1006 of the Federal Rules of Evidence, which provides for the use of "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. The Court has reviewed the voluminous and complicated spreadsheets attached to Mr. Stephen's expert report, and agrees that entering these documents into the record will streamline trial. As discussed above, Plaintiff has now offered to produce the underlying Excel files containing Mr. Stephen's calculations in an attempt to reach an agreement on the introduction of the attachments to the report into evidence at trial. (R. Doc. 182-1). The Court will not resolve whether these Excel files must now be produced in the context of this motion in limine.[1] That said, should the parties reach an agreement regarding the submission of these spreadsheets into the record, they

---

[1] Defendant served a subpoena on Mr. Stephens seeking his deposition and the production of, among other things, Mr. Stephens' firm's complete file maintained in connection with this case, all electronic files or documents created or saved in connection with this case, and all electronic files or documents showing the formulas used by Mr. Stephens in this case. (R. Doc. 103-12 at 5). The Court ordered Mr. Stephens to comply with the subpoena. (R. Doc. 117). Plaintiff represents that documents in compliance with the subpoena were provided on March 20, 2019, the date of Mr. Stephen's deposition. (R. Doc. 175 at 5-8). The underlying Excel files appears to fall within the scope of the information sought by the subpoena. Defendant did not, however, file any motion with respect to the sufficiency of the March 20, 2019 production.

may inform the Court at trial. Otherwise, the Court defers ruling on the instant motion in limine until trial.

Given the foregoing, Defendant's Motion in Limine to exclude Ralph Stephen's expert report and attachments from being entered into evidence is **GRANTED IN PART AND DEFERRED IN PART** as set forth above.

### C. Defendant's Motion in Limine to Exclude Testimony Concerning the August 2016 Flood

Finally, Defendant seeks an order excluding testimony with respect to the August 2016 flood in the Baton Rouge area. (R. Doc. 170-1 at 9-10). Defendant asserts that Kerek's deposition testimony establishes that the circumstances surrounding the August 2016 flood and its impact on Kerek, his employment, and the 2016 bonus has no probative value and is otherwise highly prejudicial, confuses the issues, and will be a waste of time. Defendant raises this issue in light of Kerek's statement in the proposed pretrial order that "[a]t the time of Kerek's termination, Kerek and his family were living in a camper after being displaced by the August 2016 flood" and "[b]ecause of the extreme financial hardship suffered by Kerek from the loss of his home and belongings in the flood, he was not in a position to forfeit his bonus and accept the severance offer." (R. Doc. 165 at 2-3). Defendant further references Kerek's deposition testimony providing that the August 2016 flood did not affect his ability to meet his 2016 goals, did not distract him from his job, did not require him to work less hours, and did not adversely affect his productively. (R. Doc. 170-5).

In opposition, Plaintiff argues that testimony regarding the August 2016 flood is relevant to establish that Crawford acted without good faith, and is thus liable for penalties under La. R.S. 23:632, in seeking to pressure Kerek to accept a severance package and waive his claim to the bonus while he was displaced by the flood. (R. Doc. 175 at 8-9). Plaintiff further argues that

there is no possibility that the Court will be misled or confused by such testimony in a bench trial. (R. Doc. 175 at 8-9).

In reply, Defendant argues that the issue of good faith under La. R.S. 23:632 pertains merely to the amount of wages owed and, accordingly, the August 2016 flood and its impact is irrelevant given Kerek's deposition testimony. (R. Doc. 182 at 4).

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 403 of the Federal Rules of Evidence provides: "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The exclusion of evidence under Rule 403 should occur only sparingly." *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993). Furthermore, "[e]xcluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure." *See Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).

This is an action for recovery under the Louisiana Wage Payment Act ("LWPA"), La. R.S. 23:631 *et seq*. In pertinent part, an employer who fails to comply with the provisions of La R.S. 23:631 may be liable for penalty wages detailed in La. R.S. 23:632(A), unless "the court finds that an employer's dispute over the amount of wages due was in good faith" as provided in La. R.S. 23:632(B). *See Hebert v. Ins. Ctr., Inc.*, 706 So. 2d 1007, 1013 (La. App. 3rd Cir. 1998)

("Where there is a bona fide dispute over the amount of wages due, courts will not consider failure to pay as arbitrary refusal and generally will refuse to award penalties.").

Given its timing, the August 2016 flood and its effects may be relevant to whether Defendant acted in good faith in disputing whether and to what extent Kerek was owed a bonus in 2016. It is unclear to the Court, however, how the August 2016 flood has any bearing on whether Defendant acted in good faith by offering a severance payment in exchange of a release of any payment under the 2016 Bonus Plan. The Court will require counsel for the parties to provide oral argument on this motion in limine at the commencement of trial.

Given the foregoing, Defendant's Motion in Limine to exclude testimony concerning the August 2016 flood is **DEFERRED.** The parties shall be prepared to present oral argument on this issue immediately prior to commencement of the trial.

### III. Conclusion

**IT IS ORDERED** that Defendant's Motions in Limine (R. Doc. 170) are resolved as set forth above and consistent with the body of this Order.

Signed in Baton Rouge, Louisiana, on November 25, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**