UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMAIN KEREK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-76-RLB** |
| **CRAWFORD ELECTRIC SUPPLY COMPANY, INC.** | **CONSENT CASE** |

### ORDER

Before the Court is Plaintiff's Motion to Review Taxation of Costs Pursuant to Rule 54(d) ("Motion to Review") (R. Doc. 224). The motion is opposed. (R. Doc. 225).

**I.     Background**

On or about December 28, 2017, Damain Kerek ("Plaintiff" or "Kerek") filed this action against his former employer, Crawford Electric Supply Company, Inc. ("Defendant" or "Crawford"), for wages that were allegedly owed to him under a 2016 Bonus Plan. (R. Doc. 1-1 at 3-7). Kerek sought recovery of wages, penalties, attorney's fees and costs under the Louisiana Wage Payment Act, La. R.S. 23:631, *et seq.*

Crawford removed the action on the basis that there is diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). On March 15, 2019, the parties filed a written consent to have a United States Magistrate Judge conduct any and all further proceedings in the case and in accordance with 28 U.S.C. § 636(c), any appeal from judgment would be taken directly to the United States Court of Appeals for the Fifth Circuit. (R. Doc. 11).

The three-day bench trial commenced on December 2, 2019 and concluded on December 4, 2019. (R. Docs. 185, 186, 187). Kerek submitted a Post-Trial Memorandum and additional briefing. (R. Docs. 198, 205). Crawford submitted a Post-Trial Memorandum and additional briefing. (R. Docs. 201, 203, 208).

On August 20, 2020, the undersigned entered judgment in favor of Crawford and dismissed Kerek's claims with prejudice. (R. Docs. 209, 211). Kerek appealed. (R. Doc. 212).

While the action was on appeal, Crawford filed a Motion and Application for Taxation of Costs seeking recovery under Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54(c). (R. Doc. 216). Crawford submitted a Bill of Costs seeking a total of $7,710.75. (R. Doc. 216-2). Kerek objected to the Bill of Costs to the extent it sought $2,292.20 for the transcript of the bench trial, and $3,051.90 with respect to the transcripts of the depositions of Kenneth Delaune (2 depositions), Chris Tolle (2 depositions), Ronald Gagnet, Darlene Gassen, and Sean Bourque, including a "rush rate" fee for the transcript for Gassen's deposition. (R. Doc. 220). Crawford filed a response to these objections. (R. Doc. 221).

On February 11, 2021, the Fifth Circuit affirmed the Final Judgment in this action. (R. Doc. 222). There is no dispute that Crawford is the prevailing party in this action.

On March 1, 2021, the Clerk's Office issued a Taxation of Costs for the full amount of $7,710.75. (R. Doc. 223). The Taxation of Costs noted that pursuant to Rule 54(d), the Clerk's actions may be reviewed by the Court provided a Motion to Review is filed within 7 days from the receipt of the Taxation of Costs.

Kerek timely filed the instant Motion to Review on March 8, 2021. (R. Doc. 224). Kerek asserts that he should not be taxed $2,292.20 for the bench trial transcript and $3,051.90 with respect to the seven depositions transcripts pertaining to the depositions of Delaune, Tolle, Gagnet, Gassen, and Bourque because the transcripts were not necessarily obtained for use in the case. In opposition, Crawford argues that the transcripts were necessarily obtained for the case, but concedes that it is not entitled to recover costs for expedited processing of the transcript for Gassen's deposition. (R. Doc. 225).

**II.     Law and Analysis**

   **A.     Legal Standards**

Taxation of costs by the clerk of court is subject to de novo review by the court. *Sigur v. Emerson Process Management*, No. 05-1323, 2008 WL 1908590, at *2 (M.D. La. Feb. 21, 2008) (citing *Greene v. Fraternal Order of Police*, 183 F.R.D. 445 (E.D. Pa. 1998); *Montgomery County v. Microvote Corp.*, No. 97-6331, 2004 WL 1087196 (E.D. Pa. May 13, 2004)). Under Rule 54, the prevailing party in litigation is presumptively entitled to an award of costs. Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *see Greene*, 183 F.R.D. at 447-448 (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). Nevertheless, the district court retains discretion in determining whether and to what extent it should award costs to a prevailing defendant. *Energy Management Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006). A court may not award costs to the prevailing party unless it first determines "that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Roberson v. Brassell*, 29 F. Supp. 2d 346 (S.D. Tex. 1998) (quoting *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1367 (7th Cir. 1990)); *see Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985).

The sole issue raised in Kerek's Motion to Review is whether Crawford "necessarily obtained" the trial transcript and seven deposition transcripts at issue for use in this case. *See* 28 U.S.C. § 1920 ("A judge or clerk of court of the United States may tax as costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case.").

B.  Analysis

1.  The Trial Transcript

Kerek seeks a review of the Taxation of Costs to the extent that Kerek was taxed for the costs of the bench trial transcript in the amount of $2,292.20. (R. Doc. 224-1 at 1). Kerek asserts that "the trial transcript was 'not necessarily obtained for use in the case' as required by 28 U.S.C. § 1920, but rather was for the convenience of the attorneys in drafting post-trial briefs." (R. Doc. 224-1 at 2). Kerek relies on decisions in which the trial court found that trial transcripts were obtained for the convenience of the attorneys. *See Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362 (5th Cir. 1983) (district court did not abuse discretion in disallowing recovery of costs for daily trial transcripts); *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989) (disallowing recovery of costs for daily trial transcripts), *aff'd sub nom. Card v. State Farm*, 902 F.2d 957 (5th Cir. 1990); *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985) (affirming denial of recovery of costs for trial transcripts when not necessary to prepare proposed findings of fact and conclusions of law largely based on trial exhibits).[1]

Crawford seeks the total costs it incurred for the trial transcript in the amount of $2,292.20. (R. Doc. 225). Crawford argues that the trial transcript was "necessarily obtained for use in the preparation of Crawford's trial defense, use at the trial, and in each parties' post-trial briefing." (R. Doc. 225 at 1).

Trial transcript fees are recoverable upon a showing that they were necessarily obtained for use in the case. *J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 760 F.2d 613, 615 (5th Cir.1985); *see Arce v. Louisiana State*, No. 16-14003, 2019 WL 2359204, at *14 (E.D. La. June 4, 2019)

---

[1] Kerek mistakenly cites the *McDowell* decision as a decision from the Fifth Circuit. (R. Doc. 224-1 at 2).

("Because costs associated with obtaining trial transcripts are recoverable under § 1920(2), and because the record reflects that [the plaintiff] relied on the transcripts, the Court will award [the plaintiff] her related costs in the amount of $ 2,541.40."), *aff'd sub nom. Shelton v. Louisiana State*, 814 F. App'x 883 (5th Cir. 2020). A trial transcript obtained in the case need not be used during the trial in order to be a recoverable cost under 28 U.S.C. § 1920. *Evert Fresh Corp. v. Pactiv Corp.*, No. 09-1936, 2011 WL 2672353, at *3 (S.D. Tex. July 7, 2011) (awarding costs incurred in obtaining trial transcripts to prepare motion for judgment as a matter of law and potential reply brief).

Here, both parties requested copies of the trial transcripts for use to address the undersigned's order requiring post-trial briefing at the conclusion of the bench trial. (*See* R. Docs. 187, 188, 189). Counsel did not seek or obtain daily trial transcripts for their convenience during trial. Both parties used and directly quoted witness testimony from the trial transcript to support their respective positions and to counter the opposing parties' positions in their post-trial briefings. (*See* R. Docs. 198, 201, 203, 205, 208).

Given the record, the Court concludes that Crawford necessarily obtained the trial transcript for use in the case. Accordingly, the costs of obtaining the trial transcript are appropriately taxed as costs against Kerek in the amount of $2,292.20.

### 2. The Deposition Transcripts

Kerek also seeks a review of the Taxation of Costs to the extent Kerek was taxed $3,051.90 with respect to the seven transcripts pertaining to the depositions of Delaune, Tolle, Gagnet, Gassen, and Bourque. (R. Doc. 224-1 at 3). Kerek opposes an award of costs with respect to these deposition transcripts because his counsel took the depositions of these witnesses, and Crawford's counsel could speak with these witnesses at any time without

reviewing the deposition transcripts. (R. Doc. 224-1 at 3). Kerek specifically asserts that copies of the transcripts "were obtained for the convenience of Crawford, and at the time they were taken, it was not reasonable for the parties to believe that Crawford needed the depositions to defend its position at the trial." (R. Doc. 224-1 at 3).

In opposition, Crawford asserts that the depositions were necessarily obtained for use in this case because each of the witnesses testified at trial, and Crawford relied on the deposition transcripts to identify topics on which the witnesses would be called to testify and to identify statements that may be used as admissions against Crawford's interest. (R. Doc. 225 at 4). In other words, Crawford asserts that it relied on the deposition transcripts to prepare its trial strategy with respect to the questioning of these witnesses.

A deposition transcript does not need to be introduced into evidence at trial in order to be recoverable as costs of the prevailing party, so long as it is necessarily obtained for use in the case and reasonably expected to be used for trial preparation, rather than mere discovery. *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991); *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999); *see also Dietz v. Dietz,* No. 07-1398, 2009 WL 1586713, at *4 (W.D. La. June 2, 2009) ("Several courts, including the Fifth Circuit, have held that expenses of discovery depositions shown to be reasonably necessary to the case are recoverable, even if these depositions are not introduced as evidence at trial.").

Here, while Kerek initiated the depositions and deposed the witnesses, the Court finds that Crawford necessarily obtained the deposition transcripts use in the case, including trial preparation. Accordingly, the costs of obtaining the deposition transcripts are appropriately taxed as costs against Kerek. The Court will reduce the amount sought, however, in light of the "rush rate" charged with respect to the transcript for Gassen's deposition.

The cost of expediting a transcript is not recoverable unless prior court approval is obtained or expedited receipt of the transcript is necessary in light of the special character of the litigation. *Fogleman*, 920 F.2d at 286 ("We have previously held that the extra cost of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript. The same reasoning applies to a copy of a deposition obtained on an expedited basis."); *see also Halliburton Energy Servs., Inc. v. M-l, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007) ("[I]incidental costs associated with depositions, such as the cost of expedited delivery charges, ASCII disks, and parking, are generally not recoverable.").

The Clerk taxed the full costs of the transcript for Gassen's deposition despite a portion of the charge consisting of a "rush rate" surcharge for expedited processing.[2] The invoice submitted by Crawford does not specifically itemize this "rush rate" surcharge. (See R. Doc. 216-2 at 21-23). Crawford concedes that it is not entitled to recover costs with respect to this unspecified "rush rate," and represents that its understanding is that the rush rate is 20% to 50% premium over the base charge for the deposition transcript. (R. Doc. 225 at 4). To support this contention, Crawford relies on the fact that the cost of the transcripts for the Tolle and DeLaune depositions were half the cost of the transcript for Gassen's deposition. (R. Doc. 225 at 4).

In seeking costs, Crawford did not submit an itemized receipt identifying the percentage of the rush rate to be apportioned for the transcript for Gassen's deposition. The Court is likewise unable to determine what the transcript would have cost without this rush rate. No other information has been provided to the court regarding this transcript. Accordingly, the Court

---

[2] In its earlier submission, Crawford specifically withdrew its request for the "RUSH RATE" portion of the deposition cost, but provided no information or explanation as to how any remainder was to be calculated. (R. Doc. 221 at 4 n.1).

7

cannot determine the extent to which the costs sought with respect to transcript are "allowable" and "reasonable." Given the record, the Court will exclude these costs in the amount of $828.55 in their entirety.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion To Review Taxation of Costs Pursuant to Rule 54(d) (R. Doc. 224) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Kerek is required to pay the full amount in the Taxation of Costs, with the exception of **$828.55** attributable to the transcript for Gassen's deposition. The total amount of costs to be paid by Kerek is **$6,882.20** (minus any previous payments with respect to undisputed taxed amounts).

Signed in Baton Rouge, Louisiana, on June 30, 2021.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**